UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON LUTTRELL,

    Plaintiff,

    v.   CAUSE NO. 3:23-CV-62-JD-MGG

NATE PULLY, et al.,

    Defendants.

OPINION AND ORDER

Jason Luttrell, a prisoner without a lawyer, filed a civil rights complaint.[1] (ECF 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Luttrell is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Luttrell is an inmate at Miami Correctional Facility. He alleges that he has an intolerance to legumes (including beans, peanuts, and soy) as well as citric acid, which

---

[1] Mr. Luttrell filed this case in the U.S. District Court for the Southern District of Indiana, which transferred the case to this District on January 26, 2023. (ECF 1, 7.)

is found in tomatoes, fruits, and certain other foods. In December 2022, he was issued a diet card by medical staff at Miami ordering that he receive a legume and citric acid free diet. (ECF 1-1 at 4.) However, he claims that he has had ongoing problems with the kitchen staff providing meals that meet his needs. He claims he has been repeatedly given foods containing legumes or citric acid since December 2022 and has also on occasion been given "rotten food." The combined effect of this is that he does not have enough to eat. He claims to have spoken with members of the kitchen staff multiple times but the problem persists. Based on these events, he sues Aramark Correctional Services, LLC ("Aramark"), the private company that supplies meals at the prison, and four of its employees: Nate Pully, Misty Cline, Cynthia Hayden, and Heather Montez. He seeks monetary damages and injunctive relief.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In determining whether the denial of food amounts to a constitutional violation, "a court must assess the amount and

2

duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

It can be discerned from the complaint and attachments that Mr. Luttrell's diet at Miami has been something of a moving target. At one point he was receiving a "lacto/ovo diet" for religious reasons but he "quit eating that diet," telling kitchen staff the "lacto diet . . . makes me sick." (ECF 1-1 at 23.) There was also some dispute initially about his need for a legume-free diet, as he tested negative when tested for an allergy to legumes. As recently as December 1, 2022, he was seen by medical staff and told "you do not meet the criteria for a no legume diet." (ECF 1-1 at 24.) However, Mr. Luttrell alleges (and the court must accept as true) that he has a digestive sensitivity to legumes and citric acid, even though he does not have a true "allergy" to these foods. It is evident from his complaint that medical staff agreed as of December 20, 2022, that he should avoid legumes and citric acid, because he attaches a copy of a diet card issued on that date and effective through June 2023 requiring that he be given a diet that omits these foods. (ECF 1-1 at 4.)

Mr. Luttrell does not sue any members of the medical staff, and there is no plausible basis for holding kitchen staff liable for serving him legumes and citric acid prior to the issuance of a diet order by medical staff requiring that he avoid these foods. "Bureaucracies divide tasks," and as non-medical professionals, members of the kitchen staff were entitled to defer to medical staff about whether Mr. Luttrell had a medical

3

need to avoid certain foods. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Additionally, Mr. Luttrell's mere desire for different foods or for more "variety" in his diet does not amount to a constitutional violation, as inmates are not entitled to the food of their choosing or even food that is "appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). Nevertheless, giving him the inferences to which he is entitled at this stage, he has plausibly alleged that he is regularly served foods he cannot eat notwithstanding his diet card and is also served spoiled foods that are inedible, such that he is not receiving a nutritionally adequate diet. He satisfies the objective prong. *Gillis*, 468 F.3d at 493.

On the subjective prong, he claims that he has spoken several times with Mr. Pully, who appears to be the director of Aramark at Miami,[2] but the problems have persisted. He further alleges that he has spoken with Ms. Cline, who is "in charge of kitchen production," but she allegedly called him a "crybaby" and purposely gave him undersized portions because of his complaints. He will be permitted to proceed against these Defendants on a claim for damages. *Reed*, 178 F.3d at 855 (where inmate complained about severe deprivations but was ignored, he described a "prototypical case of deliberate indifference"); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (inmate adequately stated claim for deliberate indifference where he alleged defendants knew about a "serious" problem and "did nothing about it").

---

[2] Mr. Luttrell does not provide Mr. Pully's title other than to refer to him as "F.S.D." It can be inferred from context that Mr. Pully is the top official in the kitchen at Miami.

4

As for Ms. Montez and Ms. Hayden, he alleges that they do not properly supervise their staff to ensure that staff members date food sacks, properly wash fruits and vegetables, and comply with other sanitary guidelines. The mere failure to meet sanitary guidelines derived from prison policies or other state law does not state a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). Furthermore, liability under 42 U.S.C. § 1983 is based on personal responsibility, and these Defendants cannot be held liable for damages simply because they hold supervisory positions in the prison kitchen. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Yet there is insufficient factual content in the complaint from which the court could plausibly infer that these two Defendants were personally aware Mr. Luttrell was being served a diet that did not meet his nutritional needs, or that they approved or condoned of their staff providing him a nutritiously inadequate diet in violation of the Eighth Amendment. He alleges in general terms that these Defendants "overlook[ed]" problems with the food, but this type of boilerplate is not sufficient to state a claim under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (the court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[P]utting a few

5

words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards.). These Defendants will be dismissed.

As for Aramark, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it provides food at the prison. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for a constitutional violation under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of [its] employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Luttrell does not allege that Aramark has an official policy that caused him injury, nor does he include factual content permitting a reasonable inference that it has a widespread custom that violates the Constitution. Isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. This corporate defendant will be dismissed.

Finally, it can be discerned from the complaint that Mr. Luttrell has an ongoing need for a diet that omits legumes and citric acid while at the same time supplies adequate nutrition. The Warden of Miami has both the authority and the responsibility to ensure that inmates at his facility are provided with an adequate diet in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Luttrell will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his need for a nutritionally adequate diet.

For the reasons, the court:

(1) DIRECTS the clerk to add the Warden of Miami Correctional Facility as a defendant;

(2) GRANTS the plaintiff leave to proceed against the Warden of Miami Correctional Facility in his official capacity for injunctive relief related to his need for a nutritionally adequate diet as required by the Eighth Amendment;

(3) GRANTS the plaintiff leave to proceed against Nate Pully and Misty Cline in their personal capacity for monetary damages for deliberate indifference to his need for a nutritionally adequate diet from December 2022 to the present in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Cynthia Hayden, Heather Montez, and Aramark Correctional Services, LLC, as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Miami Correctional Facility, Nate Pully, and Misty Cline at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction and Aramark Correctional Services, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of Miami Correctional Facility, Nate Pully, and Misty Cline to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 27, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT