UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON LUTTRELL,

    Plaintiff,

    v.

NATE PULLY, et al.,

    Defendants.

CAUSE NO. 3:23-CV-62-JD-MGG

OPINION AND ORDER

Jason Luttrell, a prisoner without a lawyer, was granted leave to proceed against Nate Pully and Misty Cline, two employees of Aramark Correctional Services, LLC (herein "Aramark Defendants"), for denying him a diet that satisfies his need to avoid legumes and citrus in violation of the Eighth Amendment. (ECF 15.) He was also granted leave to proceed against the Warden of Miami Correctional Facility in his official capacity to obtain injunctive relief related to his need for a nutritionally adequate diet that omits these foods. (*Id.*) He now moves for a preliminary injunction requiring that he be given a proper diet while this case is pending. (ECF 28.) The Warden and Aramark Defendants have separately responded to the motion. (ECF 38, 39.) Mr. Luttrell was granted until July 11, 2023, to file a reply, but none has been received. (*See* ECF 40.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must conduct an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions— "those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than

necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief in the correctional setting).

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, the Constitution does not entitle inmates to the food of their choosing or even to food that is "appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

The present record reflects that Mr. Luttrell has been on a variety of different diets during his incarceration. (ECF 39-1 ¶ 6; ECF 39-2.) Some of the diets have been medical diets, and other times he has been on a regular diet . (ECF 39-2.) There was some initial confusion about his need for a non-legume and citrus diet, because he was tested by medical staff for food allergies and tested negative. (ECF 39-1 ¶ 7.) Nevertheless, based on his complaints that he has an intolerance to legumes and citric acid, medical staff issued him a diet card for a "No Citrus, No Tomato & No Legume" diet, referred to as the "No-CLT diet." (ECF 39-1 ¶ 5; ECF 38-1 ¶ 5.) The diet order was originally scheduled to expire in June 2023, but was renewed and remains effective until September 2023. (ECF 38-1 ¶¶ 5-6.) The No-CLT diet is developed by a licensed dietician, and the dietician personally reviewed the diet in conjunction with the medical diet ordered for Mr. Luttrell. (ECF 39-1 ¶ 9.) The diet pattern developed by the dietician contains multiple options for food service staff to fulfill Mr. Luttrell's diet. (*Id.* ¶ 14.) The diet pattern is presently being followed for Mr. Luttrell, and his meals are also hand-inspected for conformity with the No-CLT diet. (*Id.* ¶¶ 9, 13.)

The record thus reflects that prison staff are taking Mr. Luttrell's dietary needs seriously and are currently providing him a diet developed by a dietician that avoids legumes and citrus. There are systems in place to ensure compliance with the diet pattern, and he will continue to receive that diet as ordered by medical staff. He has not demonstrated a likelihood of success on his claim that he is being denied a nutritionally adequate diet, nor has he shown that he will suffer irreparable harm if immediate injunctive relief is not granted.

For these reasons, the plaintiff's motion for a preliminary injunction (ECF 28) is DENIED.

SO ORDERED on July 28, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT