UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON LUTTRELL,

    Plaintiff,

    v.                                        CAUSE NO. 3:23-CV-62-JD-MGG

NATE PULLY, et al.,

    Defendants.

OPINION AND ORDER

Jason Luttrell, a prisoner without a lawyer, is proceeding in this case "against the Warden of Miami Correctional Facility in his official capacity for injunctive relief related to his need for a nutritionally adequate diet as required by the Eighth Amendment[,]" and "against Nate Pully and Misty Cline in their personal capacity for monetary damages for deliberate indifference to his need for a nutritionally adequate diet from December 2022 to the present in violation of the Eighth Amendment[.]" ECF 15 at 7. On August 10, 2023, the defendants filed separate motions for summary judgment, both arguing Luttrell did not exhaust his administrative remedies before filing suit. ECF 43, 48. With the motions, the defendants provided Luttrell the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 45, 51. Attached to the notices were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but Luttrell has not responded. Therefore the court will now rule on the defendants' summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added).

2

Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF") and Luttrell's grievance records, which show the following facts:[1] During all relevant times, MCF had an Offender Grievance Process in place that was available to Luttrell. ECF 43-1 at 2, 5. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3. Luttrell filed this lawsuit on January 24, 2023. *Id.* at 7; ECF 1. However, his grievance records show he first submitted a grievance related to his diet on February 2, 2023, after he filed this lawsuit. ECF 43-1 at 6; ECF 43-4 at 1. The grievance office accepted this grievance and denied it on its merits, and Luttrell fully exhausted the grievance on April 12, 2023. ECF 43-1 at 6; ECF 43-4 at 2-4. The Grievance Specialist concludes that, because Luttrell filed this lawsuit on January 24, 2023, and did not finish exhausting his grievance until April 12, 2023, the

---

[1] Because Luttrell has not responded to the defendants' summary judgment motions, the court accepts the Grievance Specialist's attestations and the contents of Luttrell's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

undisputed facts show he did not exhaust his administrative remedies before filing this lawsuit. ECF 43-1 at 7.

Here, the defendants have provided undisputed evidence that Luttrell did not exhaust his administrative remedies before filing this lawsuit. Specifically, it is undisputed Luttrell filed this lawsuit on January 24, 2023, and did not finish exhausting his administrative remedies until April 12, 2023. Therefore, this case must be dismissed. *See Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

For these reasons, the court:

(1) GRANTS both of the defendants' summary judgment motions (ECF 43, ECF 48);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Jason Luttrell and to close this case.

SO ORDERED on October 27, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT